NO. 07-06-0005-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 2, 2006


 ______________________________



CHARLES ALLEN BEERY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 50,160-D; HONORABLE DON EMERSON, JUDGE


_______________________________




Before QUINN, C.J. and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant, Charles A. Beery, seeks to appeal his conviction of aggravated sexual
assault of a child and accompanying sentence of 99 years confinement in the Texas
Department of Criminal Justice Institutional Division. We dismiss the appeal for want of
jurisdiction. 

 In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal. 
TEX. R. APP. P. 25.2(b); 26.2. A timely filed notice of appeal is essential to invoke our
appellate jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo
v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996).

 The record before us reflects appellant was sentenced on September 7, 2005. The
notice of appeal was due on or before October 7, 2005. TEX. R. APP. P. 26.2(a). Appellant
did not file his notice of appeal until January 19, 2006. Appellant's failure to file a timely
notice of appeal prevents this court from having jurisdiction over his appeal. Accordingly,
the appeal is dismissed for want of jurisdiction. (1) TEX. R. APP. P. 39.8, 40.2, 43.2(f).


 James T. Campbell

 Justice


 







Do not publish. 
1. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ
of habeas corpus returnable to the Texas Court of Criminal Appeals. See TEX. CODE
CRIM. PROC. ANN. art. 11.07 (Vernon 2005); see also Ex parte Garcia, 988 S.W.2d 240
(Tex.Crim.App. 1999).



It also found an order
made after the trial court lost jurisdiction over the case was void. Id. at 940. (1) Appellant has
raised no objection to the relief sought by the State. 

 We grant the State's motion, abate this appeal and remand the case to the trial
court. The trial court is directed to consider and make those orders it finds proper. Any
order shall be filed in such time that a supplemental clerk's record may be filed in this court
within thirty days of this order. On the filing of a supplemental clerk's record the appellate
record will be complete. Appellant may file a substitute or supplemental brief within thirty
days of that date. Tex. R. App. P. 38.6(a). The State's brief shall be due within sixty days
from the filing of the supplemental clerk's record. 


 Per Curiam

Do not publish. 



 
1. The continued vitality of Green may be uncertain. Urias v. State, No. PD-0335-03,
2005 Tex. Crim. App. Lexis 251 (Tex.Crim.App. February 16, 2005) (Keller, P.J., dissenting
from denial of motion for rehearing).